UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| CLAYTON WALKER,<br><br>               Plaintiff,<br><br>  vs.<br><br>CORY SHAFER, in his individual and official capacity; CITY OF RAPID CITY; THE UNITED STATES, THE STATE OF SOUTH DAKOTA; and the POLICE DEPARTMENT,<br><br>               Defendants. | CIV. 16-5121-JLV<br><br>ORDER |

**BACKGROUND**

Plaintiff Clayton Walker initiated this action against defendants. (Docket 1). On July 9, 2015, plaintiff had an interaction with Rapid City Police Officer Cory Shafer ("Officer Shafer") that plaintiff claims resulted in violations of his constitutional and statutory rights. Id. at p. 3. Plaintiff asserts Officer Shafer stopped him on the street and proceeded to place him in handcuffs, search his backpack and inspect his wallet's contents. Id. Officer Shafer checked whether plaintiff had outstanding warrants and discovered there was a warrant. Id. While Officer Shafer placed plaintiff in his police vehicle, plaintiff claims he suffered a head injury. Id.

Plaintiff asserts Article III of the United States Constitution provides the proper basis for filing his case. Id. at p. 1. In stating the relief he seeks, plaintiff cites a variety of authorities: the First, Fourth, Fifth, Sixth, Eighth and

Fourteenth Amendments; 42 U.S.C. § 1983; the Federal Tort Claims Act; Bivens;[1] and several South Dakota statutes.[2]  Id. at p. 3.  Plaintiff seeks money damages.  Id. at p. 4.

The court granted plaintiff leave to proceed *in forma pauperis* and directed service.  (Docket 6).  Aside from Officer Shafer, who filed an answer, (Docket 22), each defendant filed a motion to dismiss.  (Dockets 14, 27, 28, 29 & 33).  Plaintiff failed to file his required responses until the court specifically ordered him to do so.  (Dockets 37 & 38).

The court addresses each motion to dismiss in turn.

## DISCUSSION

### I. Rapid City Police Department

Defendant Rapid City Police Department ("Police Department" or "Department") moves to dismiss plaintiff's complaint based on Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (Docket 27).  The Police Department claims it is not an entity amenable to suit.  Id. at pp. 2-6.  If the Department was an entity plaintiff could sue, it claims plaintiff fails to establish a legitimate claim against it.  Id. at pp. 6-7.

Under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Two "working principles" underlie Rule 12(b)(6) analysis.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  First, courts are not required to

---

[1]Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).

[2]This part of the complaint is not entirely clear.  These are the authorities the court was able to determine.

2

accept as true legal conclusions "couched as . . . factual allegation[s]" in the complaint.  See id.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555) (internal quotation marks omitted).  The court does, however, "take the plaintiff's factual allegations as true." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009).  Second, the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 678 (citation omitted).  The complaint is analyzed "as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." Braden, 588 F.3d at 594.

Under Federal Rule of Civil Procedure 17(b)(3), the court assesses the Department's capacity to be sued under South Dakota law.  Fed. R. Civ. P. 17(b)(3).  The Department demonstrates that under SDCL §§ 9-29-1 & 2 it is not an entity separate from the municipality of Rapid City.  (Docket 27 at p. 3).  The applicable sections of the Rapid City Municipal Code confirm this finding.  Id. at p. 4 (citing RCMC § 2.20.020).  As this court has held before, "police departments . . . are not suable entities." Purchase v. Sturgis Police Dep't, CIV. No. 13-5060, 2015 WL 1477733, at *12 (D.S.D. Mar. 31, 2015); see Ketchum v. City of W. Memphis, Ark., 974 F.2d 81, 82 (8th Cir. 1992) (holding that a police department was not a "juridical entit[y] suable as such"); Diggs v. City of Osceola, 270 Fed. Appx. 469, at *1 (8th Cir. 2008) (unpublished); Shannon v. Koehler, No. C 08-4059, 2008 WL 4735265, at *2-4 (N.D. Iowa Oct. 13, 2008)

3

(collecting cases). The court finds it must dismiss plaintiff's complaint against the Police Department on this basis under Rule 12(b)(6). Because dismissal is required on this ground, the court need not reach the Department's second argument.

Although the complaint does not name Karl Jegeris, the Department's Police Chief, he was served with a copy of the summons and complaint. (Docket 9 at p. 7). To the extent the complaint does attempt to hold Mr. Jegeris liable, it fails and must be dismissed under Rule 12(b)(6). "Supervisors [such as Mr. Jegeris] cannot be held vicariously liable under § 1983 for the actions of a subordinate." L.L. Nelson Enterprises, Inc. v. Cty. of St. Louis, Mo., 673 F.3d 799, 810 (8th Cir. 2012) (citing Iqbal, 556 U.S. at 675-76). Plaintiff has not "plead that the supervising official, through his own individual actions, has violated the Constitution." Id.

## II. City of Rapid City

Defendant City of Rapid City ("the City") moves to dismiss plaintiff's complaint under Rule 12(b)(5) for "insufficient service of process." Fed. R. Civ. P. 12(b)(5); (Docket 29). The City points out South Dakota law requires plaintiff to serve the Mayor of Rapid City. (Docket 29 at pp. 2-3) (citing SDCL § 15-6-4(d)(2)(ii)). The court denies the City's motion because the record shows the Office of the Mayor was served on May 25, 2017, over one month before the City's motion to dismiss. (Docket 30).

The court has authority to *sua sponte* dismiss plaintiff's complaint as to the City for failing to state a claim under Rule 12(b)(6). See Buckley v. Ray,

4

848 F.3d 855, 868 n.9 (8th Cir. 2017) ("We have previously held that a district court sua sponte may dismiss a complaint under Rule 12(b)(6) as long as the dismissal does not precede service of process.") (internal quotation marks omitted); Murphy v. Lancaster, 960 F.2d 746, 748 (8th Cir. 1992) (per curium) ("[A] sua sponte dismissal without prior notice under Rule 12(b)(6) is authorized only when it is patently obvious the plaintiff could not prevail based on the facts alleged in the complaint.") (internal quotation marks omitted). The court must construe plaintiff's *pro se* complaint liberally. See Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004). "Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations." Neitzke v. Willaims, 490 U.S. 319, 327 (1989). At this stage, the court does not *sua sponte* dismiss plaintiff's complaint against the City under Rule 12(b)(6). This order places plaintiff on notice that his complaint likely fails to meet Rule 12(b)(6) with respect to the City.

**III. South Dakota**

Defendant State of South Dakota ("the State") moves to dismiss plaintiff's complaint based on a "lack of subject-matter jurisdiction" under Rule 12(b)(1). Fed. R. Civ. P. 12(b)(1); (Docket 14).

"Jurisdictional issues, whether they involve questions of law or of fact, are for the court to decide." Osborn v. United States, 918 F.2d 724, 729 (8th Cir. 1990). "In order to properly dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments." Titus v. Sullivan, 4 F.3d 590,

5

593 (8th Cir. 1993) (internal citation omitted). "In a facial challenge to jurisdiction, all of the factual allegations concerning jurisdiction are presumed to be true and the motion [to dismiss] is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction." Id. (internal citation omitted).

The State's motion has two arguments: it is not subject to suit under § 1983, and the Eleventh Amendment bars the claims against it. (Docket 15 at pp. 2-3).

"As the [United States] Supreme Court remind[s] us, 'a State is not a 'person' against whom a § 1983 claim for money damages might be asserted.' " McLean v. Gordon, 548 F.3d 613, 618 (8th Cir. 2008) (quoting Lapides v. Bd. of Regents, 535 U.S. 613, 617 (2002)). "[T]he Eleventh Amendment bars suit against the state or state officials acting in their official capacity." Morstad v. Department of Corrections and Rehabilitation, 147 F.3d 741, 743 (8th Cir. 1998) (referencing Kentucky v. Graham, 473 U.S. 159, 169 (1985)). A suit will be allowed to proceed, however, if the state has waived immunity. See id. at 744. The State has not waived its immunity to suit under the Eleventh Amendment.

The court grants the State's motion. (Docket 14). Plaintiff's complaint as to the State is dismissed under Rule 12(b)(1).

**IV. United States**

Defendant United States moves to dismiss plaintiff's complaint under Rules 12(b)(1) & (6). (Docket 33).

The United States and its agencies are generally immune from suit. FDIC v. Meyer, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); Brown v. United States, 151 F.3d 800, 803-04 (8th Cir. 1998). "Sovereign immunity is a jurisdictional issue . . . ." Rupp v. Omaha Indian Tribe, 45 F.3d 1241, 1244 (8th Cir. 1995). If the government "possess[es] sovereign immunity, then the district court [has] no jurisdiction to hear [plaintiff's claims]." Id.

Plaintiff's complaint demonstrates neither a waiver of sovereign immunity nor a federal actor. The court dismisses his complaint against the United States under Rule 12(b)(1).

**V. PACER motion**

Plaintiff filed a motion for the court to waive the fees associated with the Public Access to Court Electronic Records ("PACER") system. (Docket 44). "To ensure adequate funding for PACER, users are charged fees for accessing documents or performing other tasks on the system." Oliva v. Brookwood Coram I, LLC, No. 14-CV-2513, 2015 WL 1966357, at *1 (E.D.N.Y. Apr. 30, 2015). Plaintiff alleges he has been unable to locate forms to request this waiver and received false information in pursuit of the forms. (Docket 44 at p. 1). Plaintiff believes his request relates to the Equal Protection Clause and his right to appeal. Id.

The PACER Fee Schedule provides guidelines for courts deciding on waivers. See Electronic Public Access Fee Schedule, United States Courts, available at http://www.uscourts.gov/services-forms/fees/electronic-public-

7

access-fee-schedule (last visited Jan. 27, 2018). It states that a court "considering granting an exemption . . . must find: that those seeking an exemption have demonstrated that an exemption is necessary in order to avoid unreasonable burdens and to promote public access to information[.]" Id. "The Judicial Conference Policy Notes further state that any such exemption should be the exception not the rule." James v. City of Omaha, No. 8:07CV121, 2007 WL 1725619, at *1 (D. Neb. June 13, 2007). The court granted plaintiff leave to proceed *in forma pauperis,* so "he will be provided with a copy of all court filings free of charge." Id.; (Docket 6). "[T]he court does not believe the Plaintiff has made the requisite showing of need for exemption from the fees for CM/ECF or PACER." James, 2007 WL 1725619, at *1. The court denies plaintiff's motion.

## ORDER

Based on the above analysis, it is

ORDERED that the Police Department's motion to dismiss (Docket 27) is granted.

IT IS FURTHER ORDERED that Mr. Jegeris' motion to dismiss (Docket 28) is granted.

IT IS FURTHER ORDERED that the City's motion to dismiss (Docket 29) is denied.

IT IS FURTHER ORDERED that the State's motion to dismiss (Docket 14) is granted.

IT IS FURTHER ORDERED that the United States' motion to dismiss (Docket 33) is granted.

IT IS FURTHER ORDERED that plaintiff's motion to waive PACER fees (Docket 44) is denied.

Dated February 9, 2018.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE