UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| CLAYTON WALKER,<br><br>     Plaintiff,<br><br> vs.<br><br>CORY SHAFER, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; and CITY OF RAPID CITY,<br><br>     Defendants. | 5:16-CV-05121-JLV<br><br>ORDER ON DISCOVERY MOTIONS |
|---|---|

    This is an action brought under 42 U.S.C. § 1983.  Plaintiff Clayton Walker is a *pro se* litigant who has been granted *in forma pauperis* status in this case.  Plaintiff filed a Motion to Compel (Doc. 58), a Motion for Fees for Expert Witnesses and Extension of Time to Identify Experts (Doc. 59), a Motion to Amend Pleadings and Add Parties (Doc. 60), a Motion for Civil Rules and Procedures (Doc. 61), and a Motion for Copies of Pleadings (Doc. 68).  Defendants City of Rapid City and Cory Shafer filed a Motion for Protective Order (Doc. 62) and a Motion to Extend Deadlines (Doc. 72).  United States District Court Judge Jeffrey L. Viken, Chief Judge, referred the case to this magistrate judge for the purposes of resolving pretrial motions and conducting any necessary hearings.  (Doc. 69).

**FACTUAL BACKGROUND**

On July 9, 2015, Plaintiff had an interaction with Rapid City Police Officer Cory Shafer that Plaintiff claims resulted in violations of his constitutional and statutory rights. (Doc. 1 at p. 3). Plaintiff asserts Officer Shafer stopped him on the street and proceeded to place him in handcuffs, search his backpack and inspect his wallet's contents. (Id.) Officer Shafer checked whether Plaintiff had outstanding warrants and discovered there was a warrant. (Id.) While Officer Shafer placed Plaintiff in his police vehicle, Plaintiff alleges he suffered a head injury. (Id.) Plaintiff and Defendants filed the following motions.

**DISCUSSION**

**I.     Plaintiff's Motion to Compel (Doc. 58)**

Plaintiff's dissatisfaction over discovery stems from the Defendant's responses, or lack thereof, to his "First Motion for Discovery Request" served on Defendants on April 1, 2018. (Doc. 63-1). The Discovery Request contains 42 numbered categories, many of which appear to fall outside the bounds of Federal Rule of Civil Procedure 26(b), and does not specify which categories are intended to be interrogatories under Rule 33, or requests for production under Rule 34. (Id.).

Under Rules 33 and 34, Defendants had thirty days to serve answers, responses, and objections to Plaintiff's requests. Defendants' responses were accordingly due on May 2, 2018; nevertheless, Plaintiff submitted the instant Motion to Compel on April 15, 2018, which the Clerk of Courts filed on April

17, 2018. (Doc. 58). In his motion, Plaintiff states "the good faith time has came [sic] to a halt, and 14 days has [sic] passed." (Id.). Plaintiff states he "attempted multiple times to dispute and got no communication in return," and "No attempted [sic] to dispute under D.S.D. LR 37.1 was offered by the defendants." (Id.). In support of his motion, Plaintiff cites "SDCL," Brady v. Maryland, 373 U.S. 83 (1963), and the Ninth Amendment of the U.S. Constitution. (Id.).

Local Rule 37.1 states that "[a] party filing a motion concerning a discovery dispute must file a separate certification describing the good faith efforts of the parties to resolve the dispute." D.S.D. L.R. 37.1. "[T]he application of local rules is a matter peculiarly within the district court's province." Chrysler Credit Corp. v. Cathey, 977 F.2d 447, 449 (8th Cir. 1992) (internal quotations omitted); Reasonover v. St. Louis Cnty., 447 F.3d 569, 579 (8th Cir. 2006) ("District courts have broad discretion to . . . enforce local rules."). A movant's failure to comply with the meet and confer requirement may dictate denial of his motion. United States v. Wicks, No. 11-CV-5027-JLV, 2012 WL 1576000, at *2 (D.S.D. May 3, 2012) (analyzing D.S.D. L.R. 37.1). Furthermore, although *pro se* pleadings are to be construed liberally, *pro se* litigants are not excused from compliance with procedural and local rules. Ziegler v. Norton, Civ. No. 04-4098, 2006 WL 571866, at *1 (D.S.D. Mar. 6, 2006).

Here, Plaintiff failed to file a separate certification describing the parties' good faith efforts to resolve any discovery disputes. Even if Plaintiff had filed

the required certification, his good faith efforts are cast into doubt by the fact he filed this Motion to Compel well before the deadline for Defendants' responses.  Plaintiff therefore has failed to comply with Local Rule 37.1, and his motion is denied without prejudice.

## II.     Defendants' Motion for Protective Order (Doc. 62)

Defendants have moved for a protective order or in the alternative, to strike the Plaintiff's "First Motion for Discovery."  Subsequent to filing the Motion for a Protective Order, the Defendants filed a dispositive motion for summary judgment which is pending the court's resolution.  Defendants assert they are entitled to qualified immunity.

Qualified immunity protects government officials from liability and from having to defend themselves in a civil suit if the conduct of the officials "does not violate clearly established statutory and constitutional rights."  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  Qualified immunity is immunity from suit, not just a defense to liability at trial.  Michell v. Forsyth, 472 U.S. 511, 526 (1985).  Therefore, the Supreme Court has "repeatedly stressed the importance of resolving immunity questions at the earliest possible stage in litigation."  Hunter v. Bryant, 502 U.S. 224, 536 (1991).

The Supreme Court has stated that "if the defendant does plead the [qualified] immunity defense the district court should resolve that threshold question before permitting discovery."  Crawford-El v. Britton, 523 U.S. 574, 598 (1992). Fed. R. Civ. P. 26 "vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery.

4

"[A] stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion appear[s] to have substantial grounds or, stated another way, do[es] not appear to be without foundation in law." Johnson v. New York Univ. Sch. of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002). Here, Defendants motion for summary judgment is potentially dispositive and does not appear to be "without foundation in law." Therefore, the court grants the Defendant's motion for a protective order.

## III.  Plaintiff's Motion to Amend Pleadings and Add Parties (Doc. 60)

Plaintiff requests leave to add John Nooney, Kurt Solay, Robert Galbraith, Marli Schippers and "the LLP of 326 Founders Park Dr. to this lawsuit for the misconduct done by the law office and the employees." (Doc. 60). The named individuals are presumably partners or employees of Nooney & Solay, LLP, which represents Defendants in this case. Nooney & Solay is located at 326 Founders Park Drive. The alleged misconduct consists of the fact Plaintiff "has been waiting 27 days for the discovery and hasn't received anything or any communication in regards to the discovery at all." (Id.). Plaintiff further requests permission to change the amount in controversy from $82,000.00 to "more than $82,000.00." (Id.).

District courts have discretion whether to allow leave to amend complaints under Fed. R. Civ. P. 15(a), and may deny leave to amend where the proposed amended complaint would not withstand a motion to dismiss. Weimer v. Amen, 870 F.2d 1400, 1407 (8th Cir. 1989) (internal citations omitted); see also Zutz v. Nelson, 601 F.3d 842, 852 (8th Cir. 2010) (affirming

5

the dismissal of proposed amended complaint where it would not survive a 12(b)(6) motion to dismiss and was, therefore, futile). "The liberal amendment rules of Fed. R. Civ. P. 15(a) do not require that courts indulge in futile gestures." Holloway v. Dobbs, 715 F.2d 390, 392–93 (8th Cir. 1983) (internal citation omitted). In addition, Local Rule 15.1 requires any party moving to amend a pleading to "attach a copy of the proposed amended pleading to its motion to amend with the proposed changes highlighted or underlined so that they may be easily identified." D.S.D. L.R. 15.1.

Plaintiff neither states what claim he wishes to bring against the proposed defendants, nor any facts establishing jurisdiction. Plaintiff has not met his burden to establish (1) diversity jurisdiction, see 28 U.S.C. § 1332(a) (diversity requirements); OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007) (complete diversity rule); Jones v. Gale, 470 F.3d 1261, 1265 (8th Cir. 2006) (plaintiff has burden to establish subject matter jurisdiction); or (2) federal question jurisdiction, even under a liberal construction of the proposed amended complaint, see 28 U.S.C. § 1331 (federal question jurisdiction); Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (*pro se* complaints are to be construed liberally, but they still must allege sufficient facts to support claims advanced). Neither has Plaintiff alleged any grounds for supplemental jurisdiction under 28 U.S.C. § 1367. Therefore, the proposed amendments are futile. Moreover, Plaintiff did not attach a copy of the proposed amended complaint, thus failing to comply with Local Rule 15.1. Again, *pro se* litigants are not excused from compliance with procedural and

local rules. Ziegler, 2006 WL 571866, at *1. Because the proposed amendments are futile, the Motion to Amend Pleadings and Add Parties is denied.

**IV.    Plaintiff's Motion for Civil Rules and Procedures (Doc. 61)**

Plaintiff requests that the court provide him with a hard copy of the "Civil Rules and Procedures." (Doc. 61). The court believes Plaintiff intended to request a copy of the Federal Rules of Civil Procedure. Plaintiff cites no authority showing he has a right to obtain a hard copy of the Federal Rules from the court. The court has no copyright in the Federal Rules, and no authority to distribute copies at will. Plaintiff's motion is denied.

**V.    Plaintiff's Motion for Copies of Pleadings (Doc. 68)**

Plaintiff filed a motion requesting that Defendants mail him all filings in this case. (Doc. 68). Under D.S.D. L.R. 5.1 and Fed. R. Civ. P. 5, Defendants must serve Plaintiff by mailing the required documents to his physical address. Defendants' filings each include a certificate of service indicating the filing was mailed to Plaintiff's physical address via the United States Postal Service. No evidence indicates Defendants have failed to mail any filing to Plaintiff. Therefore, Plaintiff's motion is denied as moot.

**VI.   Plaintiff's Motion for Fees for Expert Witnesses (Doc. 59)**

Under the court's scheduling order, Plaintiff was required to disclose retained experts by May 15, 2018. (Doc. 56). On April 17, 2018, Plaintiff filed a motion asking the court to order government payment of unidentified expert

7

witnesses, and requesting a thirty-day extension from the date fees are granted to identify his experts. (Doc. 59).

28 U.S.C. § 1915 provides in part:

(a)(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

. . .

(d) The officers of the court shall issue and serve all process, and perform all duties in such cases. Witnesses shall attend as in other cases, and the same remedies shall be available as are provided for by law in other cases.

"[E]xpenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress." United States v. MacCollom, 426 U.S. 317, 321 (1976). "While the plain language of section 1915 expressly provides for service of process for an indigent's witnesses, it nowhere mentions payment of fees and expenses for such witnesses." U.S. Marshals Service v. Means, 741 F.2d 1053, 1056 (8th Cir. 1984). The Eighth Circuit has concluded that 28 U.S.C. § 1915 neither expressly nor implicitly authorizes the payment of expert witness fees for indigent parties. Id. at 1057; see Malik v. Lavalley, 994 F.2d 90 (2d Cir. 1993) (listing a number of cases from other circuits concluding the same).[1] Therefore, Plaintiff's Motion for Fees is denied.

---

[1] In Means, the Eighth Circuit found further that a district court has the discretion to charge as costs the fees and expenses of the witnesses *the court itself* calls, and if advance payment is necessary to secure the witnesses, to have the parties advance such payment in

## VII. Plaintiff's Motion for Extension of Time to Identify Experts (Doc. 59) and Defendants' Motion to Extend Deadlines (Doc. 72)

Plaintiff requests a thirty-day extension to identify experts. (Doc. 59). On August 3, 2018, Defendants filed a motion to extend deadlines (Doc. 72). The court has granted the motion for a protective order and stayed discovery until resolution of the pending motion for summary judgment. Therefore, the motions to extend are denied as moot. In the event the court denies summary judgment, a new scheduling order will issue.

## **CONCLUSION**

For the reasons stated above, it is hereby

ORDERED that Plaintiff's Motion to Compel (Doc. 58) is denied without prejudice. In the event that summary judgement is denied, further discovery requests made by Plaintiff must comply with Fed. R. Civ. P. 26(b) and D.S.D. L.R. 37.1. It is further

ORDERED that Defendants' Motion for a Protective Order (Doc. 62) is granted and discovery in this case is hereby stayed. It is further

ORDERED that Plaintiff's Motion for Fees for Expert Witness (Doc. 59) is denied. It is further

ORDERED that Plaintiff's Motion to Amend Pleadings and Add Parties (Doc. 60) is denied. It is further

ORDERED that Plaintiff's Motion for Civil Rules and Procedures (Doc. 61) is denied. It is further

---

whatever proportions are fair. 741 F.2d at 1058–59 (analyzing Fed. R. Evid. 614(a) & 706(b)). This rule does not, at this point, apply to the circumstances of this case.

ORDERED that Plaintiff's Motion for Copies of Pleadings (Doc. 68) is denied as moot. It is further

ORDERED that Defendants' Motion to Extend Deadlines (Doc. 72) and Plaintiff's Motion for Time to Identify Experts (Doc. 59) are denied as moot.

**NOTICE TO PARTIES**

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained. See FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Id. Objections must be timely and specific in order to require review by the district court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 26th day of March, 2019.

BY THE COURT:

_____
DANETA WOLLMANN
United States Magistrate Judge