UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| CLAYTON WALKER,<br><br>                    Plaintiff,<br><br>vs.<br><br>CORY SHAFER, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, and CITY OF RAPID CITY,<br><br>                    Defendants. | 5:16-CV-05121-JLV<br><br>REPORT AND RECOMMENDATION REGARDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DOC. 80) |

Plaintiff Clayton Walker's remaining claims against the above named defendants allege various violations of his constitutional and statutory rights. (Doc. 1 at p. 3). Defendants Cory Shafer and the City of Rapid City deny the allegations and moved for summary judgment. (Doc. 80). Plaintiff opposed the motion. (Doc. 88). After careful consideration, it is respectfully recommended that Defendants' Motion for Summary Judgment be granted in full.

## STANDARD OF REVIEW

Under FED. R. CIV. P. 56(c), a movant is entitled to summary judgment if the movant can "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)(2). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in the pleadings, but rather must produce affirmative evidence setting forth specific facts showing a genuine issue of

1

Finally:

material fact exists. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). Only disputes over facts that might affect the outcome of the case under the governing substantive law will properly preclude summary judgment. Id. at 248. Accordingly, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Id. at 247–48 (emphasis in original).

If a dispute about a material fact is genuine, that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party, then summary judgment is not appropriate. Id. However, the moving party is entitled to judgment as a matter of law if the nonmoving party has failed to "make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In such a case, "there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id.

In determining whether summary judgment should issue, the facts and inferences from those facts must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587–88 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations in the pleadings, but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists. Forrest v. Kraft Foods, Inc., 285 F.3d 688, 691

(8th Cir. 2002). In order to withstand a motion for summary judgment, the nonmoving party "must substantiate his allegations with 'sufficient probative evidence [that] would permit a finding in his favor on more than mere speculation, conjecture, or fantasy.'" Moody v. St. Charles Cty., 23 F.3d 1410, 1412 (8th Cir. 1994) (citing Gregory v. Rogers, 974 F.2d 1006, 1010 (8th Cir. 1992)). "A mere scintilla of evidence is insufficient to avoid summary judgment." Moody, 23 F.3d at 1412. The key inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 251–52.

"Although *pro se* pleadings are to be construed liberally, *pro se* litigants are not excused from failing to comply with substantive and procedural law." Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984) (citing Faretta v. California, 422 U.S. 806, 834–35 n. 46 (1975)). Additionally, a district court has no obligation to "plumb the record in order to find a genuine issue of material fact." Barge v. Anheuser-Busch, Inc., 87 F.3d 256, 260 (8th Cir. 1996). The court is neither "required to speculate on which portion of the record the nonmoving party relies, nor is it obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." Id.

## FACTS

Defendants filed a nineteen-paragraph statement of material facts with their motion for summary judgment, along with supporting affidavits and exhibits. (Doc. 85).

Local Rule 56.1(B) provides that the party opposing a motion for summary judgment "must respond to each numbered paragraph in the moving party's statement of material facts with a separately numbered response and appropriate citations to the record. A party opposing a motion for summary judgment must identify any material facts on which there exists a genuine material issue to be tried." The Local Rules provide further that "[a]ll material facts set forth in the movant's statement of material facts will be deemed to be admitted unless controverted by the opposing party's response to the moving party's statement of material facts." D.S.D. LR 56.1(D); see Northwest Bank & Tr. Co. v. First Illinois Nat'l Bank, 354 F.3d 721, 724–25 (8th Cir. 2003).

Rule 56 "permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves, and it is from this list that one would normally expect the nonmoving party to make the showing to which we have referred." Celotex Corp, 477 U.S. at 324. Rule 56(c) provides that:

> (1) A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

>   (B)   showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

FED. R. CIV. P. 56(c).

Plaintiff responded to Paragraphs 1–18 of Defendants' statement of material facts. (Doc. 88). Because Plaintiff did not respond to Paragraph 19, that paragraph is deemed admitted. Plaintiff's responses to Paragraphs 1–18 consist of various unsupported challenges to witness credibility, conclusory allegations repetitive of the allegations in the complaint, and general assertions claiming false reporting and false statements. Id. Plaintiff failed to comply with LR 56.1(c), as he failed to attach relevant[1] documentary evidence in opposition to the Defendant's motion for summary judgment.

The court cannot overlook these deficiencies. Because Mr. Walker failed to properly respond, the court considers the facts contained in Defendants' statements of undisputed material facts as admitted for purposes of adjudicating the Defendants' motions for summary judgment. FED. R. CIV. P. 56(e)(2); D.S.D. LR 56.1(D).

Defendants' material facts, according to the pleadings and affidavits in support, are as follows:

On July 9, 2015, Officer Shafer was on patrol in Rapid City, South Dakota. (Doc. 85 at ¶ 1). At approximately 8:42 p.m., dispatch advised Officer Shafer that a suspicious vehicle had been reported at the intersection of 3rd

---

[1] The court cannot decipher any relevance to Plaintiff's Docs. 88-1 or 88-2.

Street and Flormann Street in Rapid City. Id. at ¶ 2. Officer Shafer arrived on scene and observed Plaintiff, who appeared to be conversing with two males inside the van. Id. at ¶ 6. Officer Shafer spoke with Plaintiff, who identified himself with his South Dakota driver's license. Id. at ¶ 9. Officer Shafer relayed Plaintiff's identifying information to dispatch. Id. at ¶ 10. Dispatch advised Officer Shafer that Plaintiff had an active warrant issued in Hughes County, South Dakota, and Hughes County confirmed the warrant. Id. The warrant was issued based on twelve felonies that Plaintiff allegedly committed, and set bond at "No Bond." Id. at ¶ 13. Officer Shafer arrested Plaintiff without incident, placed Plaintiff in handcuffs, and transported him to the Pennington County Jail. Id. at ¶ 16–18. In his affidavit, Officer Shafer stated no struggle ensued from the arrest, and he did not need to use force. Id. at ¶ 17; (Doc. 82 at ¶ 9). After transporting Plaintiff to the Pennington County Jail, Officer Shafer had no further involvement with Plaintiff. (Doc. 82 at ¶ 9; Doc. 85 at ¶ 19).

In his response, Plaintiff claims that the reporting party filed a false report. (Doc. 88 at ¶ 4). Plaintiff argues that Officer Shafer placed Plaintiff in handcuffs, beat up him, and conducted an illegal search of Plaintiff's backpack, bag, and wallet before arresting him. Id. at ¶ 9. Plaintiff states that he suffered a head injury. Id. at ¶ 15. Plaintiff additionally claims evidence regarding vegetation on the trees, height of the van, and satellite imaging would prove Officer Shafer and the reporting party could not have seen Plaintiff conversing with the males in the van; the warrant was unconstitutional; and Plaintiff was

denied medical treatment. Id. at ¶¶ 3–7, 10–11, 18. In support of his statement of material facts, Plaintiff attached a photograph of a webpage entitled "Business Entity Detail," with information about a limited liability company located at 326 Founders Park Drive, Rapid City, SD, a photograph of a truck on a street, and a photograph of a van parked outside of a Wells Fargo bank. (Doc. 88-1; Doc. 88-2).

## DISCUSSION

Although inartfully plead, Plaintiff brings a claim under 42 U.S.C. § 1983. Plaintiff alleges violations of the Fourth and Fourteenth Amendments, and asserts relief may be provided through the Ninth Amendment. Id. Plaintiff notes "Federal Amendments US Constitution 1, 4, 5, 6, 8," but does not state how Defendants violated the First, Fifth, Sixth, or Eighth Amendments. Id. Plaintiff also cites 42 U.S.C. § 1983 and Bivens.

An action arising under 42 U.S.C. § 1983 must allege that conduct of a defendant acting under color of state law deprived Plaintiff of a right, privilege, or immunity secured by the Constitution or the laws of the United States. Murray v. City of Onawa, Iowa, 323 F.3d 616, 619 (8th Cir. 2003). Summary judgment is appropriate where Defendants show that there is no genuine issue of material fact about whether Officer Shafer acted under color of state law, and no genuine issue of material fact regarding whether Officer Shafer deprived Plaintiff of a right, privilege, or immunity protected by federal law or the Constitution. See Walking Eagle v. Gartenshlager, No. Civ. 04-5086-KES, 2005

WL 1595584, at *3 (D.S.D. July 6, 2015). Defendants assert that they are entitled to summary judgment on the basis of qualified immunity.

### I. Qualified Immunity

The doctrine of qualified immunity protects officials from frivolous suits that would impede their ability to discharge their duties and discretionary functions. Gregoire v. Class, 236 F.3d 413, 417 (8th Cir. 2000). Officials receive immunity so long as "their actions could reasonably have been thought consistent with the rights they are alleged to have violated." Id. (quoting Anderson v. Creighton, 483 U.S. 635, 638 (1987)).

In determining whether the Defendants are entitled to qualified immunity, the court must consider two questions, "(1) whether the facts, viewed in the light most favorable to the plaintiff, demonstrate the deprivation of a constitutional or statutory right; and (2) whether the right was clearly established at the time of the deprivation." Ehlers v. City of Rapid City, 846 F.3d 1002, 1008 (8th Cir. 2017) (citing Jones v. McNeese, 675 F.3d 1158, 1161 (8th Cir. 2012)). "Unless the answer to both of these questions is yes, the defendants are entitled to qualified immunity." Krout v. Goemmer, 583 F.3d 557, 564 (8th Cir. 2009). "A Government official's conduct violates clearly established law when, at the time of the challenged conduct, the contours of a right are sufficiently clear that every reasonable official would have understood that what he is doing violates that right." Ashcroft v. al-Kidd, 563 U.S. 731, 741 (2011) (internal citations and alterations omitted)).

### A. Unlawful Arrest Under the Fourth Amendment and Due Process Under the Fourteenth Amendment.

Plaintiff's complaint appears to raise a claim that he was unlawfully arrested. Presumably, Plaintiff takes issue with the warrant which was issued, "for missing court a hearing that Walker was never told about for election laws." (Doc. 1 at p. 3). In his reply brief to the motion for summary judgment, Plaintiff alleges that he had "the right to challenge a no bond hearing, and this warrant was unconstitutional." (Doc. 88, p. 4). Plaintiff claims that Officer Shafer came into contact with him improperly by relying on "hearsay" or a "false report." Id. at p. 3. He also appears to claim that because his case/conviction was later reversed, then the preceding arrest violated his constitutional right giving rise to this § 1983 action. The Plaintiff's belief that the warrant was improperly issued is not relevant to whether the named Defendants violated his constitutional rights; instead, the court must consider the liability of the Defendants in relation to their actions in effectuating the arrest pursuant to the warrant.

Qualified immunity is available to municipal officials who perform discretionary functions so long as the conduct of the officials does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Fields v. City of Omaha, 810 F.2d 830, 834 (8th Cir.1987) (citing Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982)).

In the case of Baker v. McCollan, 443 U.S. 137 (1979), the Supreme Court addressed whether the Plaintiff presented a valid § 1983 in alleging that

9

his Fourteenth Amendment rights were violated when he was wrongfully arrested via a valid arrest warrant, but due to mistaken identity. The Court concluded that no constitutional violation occurred, stating, "we do not think a [law enforcement officer] executing an arrest warrant is required by the Constitution to investigate independently every claim of innocence, whether the claim is based on mistaken identity or a defense such as lack of requisite intent. Nor is the official charged with maintaining custody of the accused named in the warrant required by the Constitution to perform an error-free investigation of such a claim." Baker, 443 U.S. at 145-45. The court further observed:

> The Constitution does not guarantee that only the guilty will be arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted—indeed, for every suspect released. Nor are the manifold procedural protections afforded criminal defendants under the Bill of Rights "without limits." Patterson v. New York, 432 U.S. 197, 208, 97 S.Ct. 2319, 2326, 53 L.Ed.2d 281 (1977). "Due process does not require that every conceivable step be taken, at whatever cost, to eliminate the possibility of convicting an innocent person." Ibid.

Baker, 443 U.S. at 145.

Similarly, the Eighth Circuit has found no Fourth Amendment violation occurs when law enforcement arrests an individual pursuant to a valid arrest warrant. Luckes v. County of Hennepin, Minn., 415 F.3d 936 (8th Cir. 2005) ("Because [plaintiff] was named in a valid bench warrant, however, probable cause for his arrest pursuant to that warrant was established, and his Fourth Amendment argument is thus without merit."). See also, Murray v. City of Sioux Falls, 867 F.2d 472, 473 (8th Cir. 1989) ("While Murray was arrested

and detained for a short period of time, it was pursuant to a warrant conforming to the requirements of the Fourth Amendment, and therefore, he suffered no constitutional deprivation.").

Here, Officer Shafer arrested Plaintiff pursuant to an arrest warrant. This conduct did not deprive Plaintiff any clearly established statutory or constitutional rights of which a reasonable person would have known. Summary judgment is appropriate on Plaintiff's Fourth Amendment claim for unlawful arrest and the Fourteenth Amendment claims for due process of law.

### B. Excessive Use of Force Under the Fourth Amendment

Plaintiff alleges that Officer Shafer used excessive force when effecting his arrest, resulting in a head injury. The Fourth Amendment prohibits excessive force "when the officers' actions are not objectively reasonable in light of the facts and circumstances confronting them," and is applicable against state actors via the Fourteenth Amendment. Royster v. Nichols, 698 F.3d 681, 691 (8th Cir. 2012) (internal quotations omitted); see Burlison v. Springfield Public Schools, 708 F.3d 1034, 1039 (8th Cir. 2013). Plaintiff is protected by a clearly established constitutional right. Gregoire, 236 F.3d at 417. However, viewing the facts in the light most favorable to Plaintiff, no genuine issue of material fact exists as to whether Officer Shafer knew his actions violated that right, or indeed, as to whether Officer Shafer even used any force against Plaintiff. See id. Plaintiff has produced no affirmative evidence refuting Defendants' statement that Officer Shafer did not use force during the arrest. See Anderson, 477 U.S. at 256. There is no evidence in the record that Plaintiff

suffered an injury as a result of the encounter. Plaintiff has failed to meet his burden to resist the motion for summary judgment which requires him to substantiate his allegations with "sufficient probative evidence [that] would permit a finding [in his] favor on more than mere speculation, conjecture, or fantasy." Gregory v. Rogers, 974 F.2d at 1010 (8th Cir. 1992. Summary judgment is appropriate on Plaintiff's Fourth Amendment claim for excessive use of force.

### C.   Illegal Search Under the Fourth Amendment

Construing the complaint liberally, Plaintiff appears to allege that Officer Shafer violated Plaintiff's right to privacy under the Fourth Amendment by conducting an unreasonable search of his person. It is true that the Fourth Amendment protects against unreasonable searches and seizures. See Burlison, 708 F.3d at 1039. However, the Fourth Amendment is not triggered by a consensual encounter between an officer and a private citizen. United States v. Perez-Sosa, 164 F.3d 1082, 1084 (8th Cir. 1998). Officer Shafer's affidavit states that Plaintiff identified himself using his South Dakota driver's license. (Doc. 82). Based on this information, Officer Shafer discovered Plaintiff's outstanding warrant. Id. Plaintiff has produced no affirmative evidence showing the encounter was anything but consensual when Plaintiff provided Officer Shafer with his driver's license. As stated above, in order to withstand a motion for summary judgment, the nonmoving party "must substantiate his allegations with 'sufficient probative evidence [that] would permit a finding in his favor on more than mere speculation, conjecture, or

fantasy.'" Moody, 23 F.3d at 1412.  Plaintiff may not rest on the allegations in the pleadings, but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists.  Plaintiff fails to point to any *evidence in the record* to raise a question of fact that there was a violation of a clearly established right.  Summary judgment is therefore appropriate on Plaintiff's Fourth Amendment claim for an illegal search.

> D. **Claims Under the First, Fifth, Sixth, Eighth, Ninth and Fourteenth Amendments**

Plaintiff alleges that Officer Shafer violated the First, Fifth, Sixth, Eighth Amendment, and Fourteenth Amendments and asserts that relief may be provided under the Ninth Amendment.  Plaintiff set forth no evidence in the record showing any violation of the above-named amendments.  Further, "the Ninth Amendment does not independently secure any constitutional right." Henderson v. S & W Foreclosure Corp., No. 1:11CV169 HEA, 2012 WL 43505, at *2 (E.D. Mo. Jan. 9, 2012) (citing Vega-Rodriguez v. Puerto Rico Tel. Co., 110 F.3d 174, 182 (1st Cir. 1997)).  Because Plaintiff fails to show that Officer Shafer violated any constitutional right, relief cannot be provided under the Ninth Amendment or otherwise.

> II. **Officer Shafer in his Official Capacity and the City of Rapid City**

Plaintiff names Officer Shafer in his official capacity as a defendant in this matter.  Plaintiff also names the City of Rapid City as a separate defendant.  "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010) (citing

Baker v. Chisom, 501 F.3d 920, 925 (8th Cir. 2007)). Therefore the court's analysis for Officer Shafer in his official capacity and the City of Rapid City, is conducted under the same legal framework.

"A municipality can be liable under § 1983 if an 'action pursuant to official municipal policy of some nature caused a constitutional tort.'" Id. (quoting Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 691 (1978)). To establish municipal liability, "a plaintiff must establish the requisite degree of fault on the part of the municipality and a causal link between municipal policy and the alleged violation." Id. This "requires either the existence of a municipal policy that violates federal law on its face or evidence that the municipality has acted with 'deliberate indifference' to an individual's federal rights." Id.

"Plaintiffs who seek to impose liability on local governments under § 1983 must prove that 'action pursuant to official municipal policy' caused their injury." Connick v. Thompson, 563 U.S. 51, 60 (2011) (quoting Monell, 436 U.S. at 692). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." Id. at 61. "These are 'action[s] for which the municipality is actually responsible.'" Id. (quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 479–80 (1986)). "A 'policy' is a 'deliberate choice to follow a course of action . . . made from among various alternatives by the official or officials responsible [under state law] for establishing final policy with respect to the subject matter in question.'"

Russell v. Hennepin Cty., 420 F.3d 841, 847 (8th Cir. 2005) (quoting Hayes v. Faulkner Cty., Ark., 388 F.3d 669, 674 (8th Cir. 2004)).

Plaintiff fails to identify any municipal policy that, on its face, violates federal law, and does not provide any evidence showing the municipality acted with deliberate indifference to his federal rights. See Veatch, 627 F.3d at 1257. Plaintiff makes no showing that Officer Shafer's alleged conduct was undertaken pursuant to any municipal policy. See id. Summary judgment is appropriate on Plaintiff's claims against Officer Shafer in his official capacity. Further, Plaintiff's claim against the City of Rapid City is redundant of the claim against Officer Shafer in his official capacity. Id. Therefore, summary judgment should be granted on Plaintiff's claim against the City. Id.

## CONCLUSION

Viewing the facts in the light most favorable to Plaintiff, there are no genuine issues of material fact for a jury to determine. Defendants are therefore entitled to summary judgment. It is respectfully recommended that Defendants' Motion for Summary Judgment (Doc. 80) is granted.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the

District Court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 25th day of September, 2019.

BY THE COURT:

_____
DANETA WOLLMANN
United States Magistrate Judge