UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| CLAYTON WALKER,<br><br>     Plaintiff,<br><br>  vs.<br><br>CORY SHAFER, in his individual and official capacity; and CITY OF RAPID CITY,<br><br>     Defendants. | CIV. 16-5121-JLV<br><br>ORDER |

## INTRODUCTION

Plaintiff Clayton Walker, appearing *pro se*, brought this action under 42 U.S.C. § 1983 alleging defendants violated his constitutional rights during a July 9, 2015, arrest. (Docket 1). The court referred this case to United States Magistrate Judge Daneta Wollmann for resolution of pretrial motions. (Docket 69). The magistrate judge issued an order resolving several pretrial motions and staying discovery to allow for a determination of whether defendants are entitled to qualified immunity from suit. (Docket 95). Plaintiff objects to that order. (Dockets 96 & 97). The magistrate judge later issued a report and recommendation ("R&R") concluding summary judgment should be granted to defendants. (Docket 103). Plaintiff objects to the R&R as well. (Docket 106). For the reasons given below, the court affirms the magistrate judge's first pretrial order in full and the R&R in part. The court grants summary judgment in part and denies it in part as premature. The court modifies and affirms the

magistrate judge's second pretrial order—to which no party objected—and denies plaintiff's other pending motions.   Finally, the court reopens discovery for limited purposes.

## I.    Facts

The magistrate judge deemed defendants' statement of undisputed material facts uncontroverted for summary judgment purposes because plaintiff failed to cite to record evidence in his opposition to the statement.   (Docket 103 at p. 5).   As explained below, this was partially error.   Plaintiff's verified complaint must be taken as an affidavit in opposition to summary judgment. See infra Section III.B.   Nevertheless, plaintiff did not successfully controvert the majority of defendants' proposed facts.   The factual recitation given here is derived from defendants' statement and plaintiff's verified complaint as well as other record evidence.

Defendant Cory Shafer was a patrol officer for the Rapid City Police Department on July 9, 2015.   (Docket 85 at ¶ 1).   Dispatch contacted him at approximately 8:42 p.m. on that date with a report of a "suspicious vehicle and person" at the intersection of 3rd and Flormann streets in Rapid City, South Dakota.   Id. at ¶ 2.   The reporter stated there was a male walking around the block.   Id. at ¶ 3.   The male reportedly spoke to individuals in a maroon van and walked around the block again.   Id.   The reporter described the male's actions as "scoping things out."   Id. at ¶ 4.   Officer Shafer arrived on scene and

observed the male, later identified as plaintiff, speaking with two males inside a maroon van. Id. at ¶ 6.

Events following Officer Shafer's arrival on scene are disputed. Officer Shafer states plaintiff "identified himself by his South Dakota driver's license." Id. at ¶ 9. In his complaint, plaintiff states Officer Shafer stopped him, placed him in handcuffs, searched his backpack, opened his wallet and pulled out his ID. (Docket 1 at p. 3). It is undisputed that Officer Shafer discovered an active warrant for plaintiff's arrest after reading information from his ID to dispatch. (Dockets 1 at p. 3 & 85 at ¶ 10). Based on the warrant, Officer Shafer arrested plaintiff. (Dockets 1 at p. 3 & 85 at ¶ 15).

The accounts of the parties also diverge as to Officer Shafer's conduct during the arrest. Officer Shafer states he arrested plaintiff "without issue" and that "there was no struggle, nor any use of force required."[1] (Docket 85 at ¶¶ 16-17). In contrast, plaintiff asserts he "was thrown in the back of the police car" where he "suffered a head injury[.]" (Docket 1 at p. 3).

The warrant was issued on July 2, 2015, after plaintiff failed to appear for motions hearings in a criminal case before Judge John L. Brown of South Dakota's Sixth Judicial Circuit. (Dockets 85 at ¶ 12 & 83-1). On July 22, plaintiff pled guilty to one count of offering a false or forged instrument for filing

---

[1]The court notes this verbiage, repeated throughout defendants' briefing as well as in the statement of material facts, does not entirely foreclose the possibility that Officer Shafer used force during the arrest. If defendants intend to argue Officer Shafer did not use any unnecessary force, they should so state explicitly in future briefing.

and one count of perjury. (Docket 108-4). Judge Brown vacated plaintiff's

perjury conviction on August 14, 2017. (Docket 110 at p. 3).

## II.    Legal Standards

### A.    Federal Magistrate Act

The Federal Magistrate Act provides two separate standards of review.

For most pretrial matters, the court "may reconsider" the magistrate judge's

order "where it has been shown that the . . . order is clearly erroneous or contrary

to law." 28 U.S.C. § 636(b)(1)(A). For dispositive matters, including motions

for summary judgment, the court is required to "make a de novo determination of

those portions of the report or specified proposed findings or recommendations

to which objection is made." Id. at § 636(b)(1). The court may "accept, reject,

or modify, in whole or in part, the findings or recommendations made by the

magistrate judge." Id.

### B.    Summary judgment

Under Federal Rule of Civil Procedure 56(a), a movant is entitled to

summary judgment if the movant can "show that there is no genuine dispute as

to any material fact and the movant is entitled to judgment as a matter of law."

Fed. R. Civ. P. 56(a). Once the moving party meets its burden, the nonmoving

party may not rest on the allegations or denials in the pleadings, but rather must

produce affirmative evidence setting forth specific facts showing that a genuine

issue of material fact exists. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256

(1986). Only disputes over facts which might affect the outcome of the case

4

under the governing substantive law will properly preclude summary judgment. Id. at 248. "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Id. at 247-48 (emphasis in original).

If a dispute about a material fact is genuine, that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party, then summary judgment is not appropriate. Id. However, the moving party is entitled to judgment as a matter of law if the nonmoving party failed to "make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In such a case, "there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.

In determining whether summary judgment should issue, the facts and inferences from those facts must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). The key inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 251-52.

## III. Analysis

The court begins its analysis by affirming the magistrate judge's first order resolving pretrial motions.   Next, the court adopts the summary judgment R&R in part and rejects it in part, concluding that plaintiff's verified complaint creates a genuine dispute of material fact as to plaintiff's excessive force and unlawful search claims.   Finally, the court modifies and affirms the magistrate judge's second pretrial motions order and denies plaintiff's remaining miscellaneous motions.

### A.   First pretrial motions order

On March 26, 2019, the magistrate judge issued an order resolving eight pretrial motions, mostly relating to discovery issues.   (Docket 95).   Plaintiff objected to the order.   (Dockets 96 & 97).   However, even when given a liberal interpretation due to plaintiff's *pro se* status, the objections are largely nonsensical.   For example, under a section titled "Objections Numbered Out," plaintiff wrote the following:

> 1. The Court has denied the Plaintiff for a pacer account.
> 2. Qualified Immunity has never been Challenged Under the 9th Amendment, the Court has made an error and doesn't have Jurisdiction. 3. Discovery has passed; the court has error and has no Jurisdiction. 4. The plaintiff objects the court has error, on page 3 Magistrate states compliance "than Walker a Pro Se litigant should be granted these rules. This created a difference of opinions on the same mater thus this court doesn't have any Jurisdiction. 5. Plaintiff has Objections. The court interpretation of his briefs to satisfy the Defendant is unconstitutional. Continence of ex-parte communication continues, Walker has a motion to be heard. Sending by Email Doesn't Justify Service, Grant a motion to be heard. 6. Plaintiff objects, statement in order violates Equal rights of

6

> Fair trail, 4th Amendment and 14th Amendment, creates different
> opinions on the same issue. To say for indigent's parties don't get
> the same rights as others is Unconstitutional.

(Docket 96 at pp. 3-4). The remainder of plaintiff's filing is similarly confusing and unresponsive to the actual holdings in the magistrate judge's order.

Nevertheless, the court discerns from the filing at least three areas of concern with the order. First, plaintiff asserts the magistrate judge lacked jurisdiction to resolve constitutional matters raised in his pretrial motions. Next, he takes exception to the magistrate judge's decision to stay discovery. Finally, he contends defense counsel engaged in improper *ex parte* communication with the court. None of these objections demonstrate the magistrate judge acted in clear error or contrary to the law. The court affirms the order.

The magistrate judge had full authority to adjudicate any constitutional matters raised in pretrial motions.[2] The Federal Magistrate Act permits magistrate judges to "hear and determine *any* pretrial matter pending before the court," with certain exceptions. 28 U.S.C. § 636(b)(1)(A) (emphasis added). This necessarily includes pretrial motions raising constitutional issues. In fact, the Act specifically allows magistrate judges to recommend a disposition of suppression motions in criminal cases, which universally involve constitutional issues. Id. at § 636(b)(1). It further "does not violate Article III [of the

_____

[2]Plaintiff did not argue any constitutional matters in his pretrial motions. He cited the Ninth Amendment as a ground for his motion to compel, but did not explain how it applied to the discovery dispute. (Docket 58 at p. 3).

Constitution] for Congress to delegate case dispositive authority, which is the essence of the judicial power of the United States, to a" magistrate judge. <u>Orsini v. Wallace</u>, 913 F.2d 474, 477 (8th Cir. 1990). The magistrate judge acted within her jurisdiction in issuing the order.

Plaintiff next appears to object to the magistrate judge's decision to stay discovery. He states he "wants to talk with those people that have had interactions with Cory Shafer" and asserts "[d]iscovery needs to be granted." (Docket 96 at p. 6). As recounted in the magistrate judge's order, plaintiff's discovery request "appear[ed] to fall outside the bound[aries]" permitted by the Federal Rules of Civil Procedure. (Docket 95 at p. 2). Plaintiff also failed to comply with the meet-and-confer requirement imposed by this court's local rules. <u>Id.</u> at pp. 3-4. Finally, plaintiff filed his motion to compel discovery before defendants' time to respond had passed. <u>Id.</u> at pp. 2-3. These were all valid grounds for denying plaintiff's motion to compel discovery.

The magistrate judge also did not err in granting defendants' motion for a protective order and staying discovery. (Docket 95 at pp. 4-5). As noted in her order, the Supreme Court has directed lower courts to "resolv[e] immunity questions at the earliest possible stage in litigation." <u>Id.</u> at p. 4 (citing <u>Hunter v. Bryant</u>, 502 U.S. 224, 227 (1991). This can mean denying discovery until the immunity question is resolved. <u>Crawford-El v. Britton</u>, 523 U.S. 574, 598

(1998).[3]  As noted below, the court determines that summary judgment cannot be granted to defendants in full on the present record and reopens discovery. See infra Sections III.B.1, 2.   However, this holding does not make the magistrate judge's decision to stay discovery clearly erroneous or contrary to law in retrospect.

Finally, plaintiff raises a concern with *ex parte* communication between defense counsel and the court.[4]   (Docket 96 at p. 3).   The communication apparently inspired a motion to amend the complaint to name defense counsel as defendants.   (Dockets 60 & 70 at p. 7).   The incident plaintiff appears to refer to occurred on March 1, 2018, when defense counsel e-mailed the court asking if the parties should still conduct a Rule 26(f) meeting despite plaintiff's attempt at an interlocutory appeal.   (Docket 77-1 at p. 2).   In the e-mail, counsel stated he would produce a copy of the court's response to plaintiff.   Id. The court, through its law clerk, instructed defense counsel to proceed with the meeting.   (Docket 77-2 at p. 3).   Defense counsel mailed a copy of the e-mail to

---

[3]Crawford-El requires district courts to resolve immunity questions before permitting discovery "[w]hen a plaintiff files a complaint against a public official alleging a claim that requires proof of wrongful motive[.]"   523 U.S. at 597. Here, plaintiff alleges Officer Shafer improperly searched his backpack and used excessive force when arresting him, claims that do not involve proof of wrongful motive.   The court concludes Crawford-El's discovery rule is not binding in this circumstance.   Nevertheless, the magistrate judge did not err in applying it, given the general principle that immunity questions should be resolved as early as possible to spare potentially immune officials the burdens of discovery.

[4]The magistrate judge did not address this argument in her order.   The court addresses it because it is a recurring theme throughout plaintiff's filings.

plaintiff.   Id. at p. 2.   Whatever *ex parte* communication occurred was promptly remedied when defense counsel notified plaintiff of the substance of the communication.   In addition, the communication was not related to the merits of the case.   The communication was not improper.

The court finds the magistrate judge's order resolving pretrial motions was neither clearly erroneous nor contrary to law and affirms it in full.

**B.    Summary judgment R&R**

After accepting defendants' proposed statement of material facts and rejecting plaintiff's factual objections, the magistrate judge recommended granting summary judgment to defendants in full.   (Docket 103).   Plaintiff objected to the R&R.   (Docket 106).   Liberally construing his filing, the court discerns the following objections:

1.    The magistrate judge cannot rule on constitutional matters. Id. at p. 5.

2.    The verified complaint is the equivalent of an affidavit for the purposes of opposing summary judgment.   Id. at pp. 2, 13.

3.    Dismissing plaintiff's municipal liability claim was inappropriate before allowing discovery on police training policy.   Id. at p. 6.

4.    The magistrate judge improperly decided disputed factual matters.   Id. at pp. 3, 7-9, 14.

5.    The magistrate judge erred in "ignoring" the Ninth Amendment.   Id. at pp. 3-4, 11-12, 14-15.

6.    The warrant Officer Shafer arrested plaintiff on was invalid. Id. at pp. 8-10, 13.

The court previously rejected plaintiff's first objection.   The magistrate judge had full authority to adjudicate constitutional matters.   See supra Section III.A. The objection is overruled.

Plaintiff's second objection is meritorious.   The magistrate judge erred in finding plaintiff failed to put forth any evidence in opposition to defendants' summary judgment motion.   The long-standing rule of the United States Court of Appeals for the Eighth Circuit is that "[a] verified complaint is the equivalent of an affidavit for summary-judgment purposes[.]"   Williams v. Adams, 935 F.2d 960, 961 (8th Cir. 1991) (citing Spear v. Dayton's, 733 F.2d 554, 555-56 (8th Cir. 1984)).   "[A] complaint signed and dated as true under penalty of perjury satisfies the requirements of a verified complaint[.]"   Roberson v. Hayti Police Dep't., 241 F.3d 992, 994-95 (8th Cir. 2001).   "Although a party may not generally rest on his pleadings to create a fact issue sufficient to survive summary judgment, the facts alleged in a verified complaint need not be repeated in a responsive affidavit in order to survive a summary judgment motion."   Id. at 995.

Plaintiff's complaint was signed under penalty of perjury.   (Docket 1 at p. 4).   The court finds it is a verified complaint that serves as an affidavit for summary judgment purposes.   As an affidavit, the complaint testifies to the observations of a primary witness to plaintiff's arrest—plaintiff himself.   The magistrate judge erred by not considering the complaint's allegations as facts in opposition to defendants' statement of proposed material facts.   However, the

11

magistrate judge did not err by discounting plaintiff's purported response to defendants' statement of material facts. (Docket 88). As she noted, the response violated the court's local rules by citing no record evidence. (Docket 103 at pp. 4-5). In fact, plaintiff produced no record evidence, with the exception of his verified complaint.

Nevertheless, the court must evaluate defendants' motion for summary judgment with reference to the allegations of plaintiff's complaint. The court first determines plaintiff's complaint creates genuine disputes of material fact as to his excessive force and unlawful search claims, but adopts the R&R's reasoning as to his other claims against Officer Shafer. The court next finds summary judgment on plaintiff's municipal liability claim is premature given the lack of discovery. Finally, the court overrules plaintiff's remaining objections to the R&R.

### 1.    Motion for summary judgment against Officer Shafer

Defendants' motion for summary judgment argues Officer Shafer is entitled to qualified immunity from plaintiff's claims. (Docket 84 at pp. 5-17). The magistrate judge agreed. (Docket 103 at pp. 9-13). Evaluating plaintiff's claims with his verified complaint in mind, the court finds Officer Shafer is entitled to qualified immunity on all claims except plaintiff's excessive force and unlawful search claims. The court accordingly adopts the R&R in part and rejects it in part as to the claims against Officer Shafer.

"Public officials are immune from suit under 42 U.S.C. § 1983 unless they have violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." City & Cty. of San Francisco, Calif. v. Sheehan, 135 S. Ct. 1765, 1774 (2015) (internal quotation omitted). Resolving questions of qualified immunity requires undertaking two inquiries. The first asks: "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" Saucier v. Katz, 533 U.S. 194, 201 (2001). Second, the court must "ask whether the right was clearly established." Id. A negative outcome to either inquiry results in qualified immunity for the official. Pearson v. Callahan, 555 U.S. 223, 236 (2009).

"A clearly established right is one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right." Mullenix v. Luna, 136 S. Ct. 305, 308 (2015) (internal quotation omitted). There need not be "a case directly on point for a right to be clearly established" but "existing precedent must have placed the statutory or constitutional question beyond debate." Kisela v. Hughes 138 S. Ct. 1148, 1152 (2018) (internal quotation omitted). The Supreme Court has "repeatedly told courts . . . not to define clearly established law at a high level of generality." Id. (internal quotation omitted). "[T]he clearly established law must be particularized to the facts of the case." White v. Pauly, 137 S. Ct. 548, 552 (2017) (internal quotation omitted).

Plaintiff, as an eyewitness to his own arrest, states Officer Shafer stopped him, placed him in handcuffs and searched his backpack, finding his ID. (Docket 1 at p. 3). This resulted in Officer Shafer discovering plaintiff's active warrant. According to plaintiff, Officer Shafer then threw him into the back of the police car, resulting in a head injury. Id. Defendants state—uncontested by plaintiff's complaint—that plaintiff did not struggle during the arrest and that no "use of force [was] required." (Docket 85 at ¶ 17).

These facts show a genuine dispute of material fact as to whether Officer Shafer unlawfully used excessive force during plaintiff's arrest. Forcibly throwing plaintiff into the back of a police car without justification would violate his Fourth Amendment rights.[5]

> The right to be free from excessive force in the context of an arrest is clearly established under the Fourth Amendment's prohibition against unreasonable searches and seizures. Moreover, it is clearly established that force is least justified against nonviolent misdemeanants who do not flee or actively resist arrest and pose little or no threat to the security of the officers or the public.

Brown v. City of Golden Valley, 574 F.3d 491, 499 (8th Cir. 2009) (internal citations omitted); see also Jackson v. Stair, 944 F.3d 704, 713 (8th Cir. 2019) ("In 2013 . . . there was sufficient case law to establish that a . . .

---

[5]The court notes it is plaintiff's burden to show the right defendants allegedly violated was clearly established at the time of the violation. Estate of Walker v. Wallace, 881 F.3d 1056, 1060 (8th Cir. 2018). Plaintiff made no showing on this front. But given his *pro se* status and the fact that the right to be free of excessive force is hardly obscure, the court will not strictly enforce this burden.

non-threatening, non-fleeing, non-resisting [suspect] had a clearly established right to be free from excessive force.").

Taking the available record on this point—which consists solely of dueling affidavits of plaintiff and Officer Shafer—in the light most favorable to plaintiff, the court concludes summary judgment is inappropriate. There is no dispute that plaintiff was cooperative during the arrest and posed no risk to Officer Shafer. If a jury accepted plaintiff's version of events and concluded that Officer Shafer forcibly threw plaintiff into the police car, plaintiff would prove a violation of his constitutional right to be free of excessive force during arrest. Accordingly, the court rejects the R&R's contrary conclusion and denies summary judgment to defendants as to plaintiff's excessive force claim.

Plaintiff's complaint is also sufficient, if only barely, to foreclose summary judgment on his unlawful search claim.[6]   Plaintiff asserts he was "walking down the st[reet]" when Officer Shafer stopped him, placed him in handcuffs, and searched his backpack. (Docket 1 at p. 3). Officer Shafer states he received a report of a "suspicious person" walking around the block, speaking to individuals in a maroon van, and walking around the block again, appearing as if he were "scoping things out." (Docket 85 at ¶¶ 2-4). Officer Shafer then

---

[6]Plaintiff did not clearly allege an unlawful search claim in his complaint. Defendants did not argue against the claim in their summary judgment motion. Nevertheless, the magistrate judge construed plaintiff's complaint to allege Officer Shafer unlawfully searched him. (Docket 103 at pp. 12-13). The court agrees with the magistrate judge's interpretation of the complaint, but acknowledges defendants may revisit the unlawful search claim in a future summary judgment motion. See infra Section IV.

observed plaintiff on scene speaking to two men in a maroon van.   Id. at ¶ 6.

He observed plaintiff walk away from the van and the van pull away.   Id. at ¶ 7.

Officer Shafer does not state whether he searched plaintiff.

On the date of plaintiff's arrest in 2015, it was clearly established that a

police officer may temporarily detain an individual on the basis of reasonable

suspicion "that criminal activity is afoot[.]"   Arizona v. Johnson, 555 U.S. 323,

330 (2006) (citing Terry v. Ohio, 392 U.S. 1 (1968)).   The temporary stop may

proceed to a "limited search of outer clothing for weapons" if the officer has

"reasonable suspicion" that the detainee is "armed and dangerous."   Id.   But in

general, "searches conducted outside the judicial process, without prior approval

by judge or magistrate, are per se unreasonable under the Fourth Amendment[.]"

Katz v. United States, 389 U.S. 347, 357 (1967).

The record contains little information about the events leading to plaintiff's

arrest.   There is no indication plaintiff or the individuals in the maroon van were

engaging in criminal activity.   Officer Shafer does not state he had a reasonable

suspicion of any criminal activity afoot.   There is no evidence a warrant

authorized Officer Shafer to search plaintiff prior to his arrest.   Instead, the

court is again left with conflicting affidavit testimony as to whether Officer Shafer

searched plaintiff and, if so, whether the search took place before or after the

arrest.

Taking plaintiff's version of events as true, as a jury could do at trial, the

court finds there is a genuine dispute of material fact as to whether Officer

16

Shafer unconstitutionally searched plaintiff.[7]   If Officer Shafer did in fact stop plaintiff, immediately place him in handcuffs, and search his backpack without a warrant after having only seen him speak to men in a van suspected of "scoping things out," the search would be clearly outside the bounds of a <u>Terry</u> stop. (Docket 85 at ¶ 4).   The facts alleged in plaintiff's verified complaint are enough to forestall summary judgment on his unlawful search claim.

The court recognizes plaintiff has a long history of frivolous and vexatious federal litigation.   In 2016, the court noted plaintiff had filed six other federal lawsuits in the District of South Dakota and concluded his "filing history . . . demonstrates his sustained proclivity to file suits without legal merit."   <u>Walker v. Jackley et al.</u>, Civ. 16-5015, 2016 WL 4098595 at *2 (D.S.D. July 28, 2016). In 2017, the court banned plaintiff from filing further cases without preapproval by a district judge.   <u>Walker v. Yants et al.</u>, Civ. 17-5007, 2017 WL 5953420 at *1 (D.S.D. April 14, 2017).   There is ample reason to question the credibility of plaintiff's statements, especially considering he has an obvious interest in the outcome of this suit.

However, "[a]s a general rule, if conflicting testimony appears in the affidavits . . . , summary judgment may be inappropriate as the issues involved

---

[7]As noted below, <u>see</u> <u>infra</u> Section IV, the undeveloped state of the record may necessitate a second summary judgment motion after the close of discovery. The court does not intend to foreclose a future summary judgment motion as to the unlawful search claim.   The court expresses no opinion as to whether some exception to the warrant requirement may have legitimized a pre-arrest search of plaintiff, if such a search occurred.

will depend on the credibility of witnesses." <u>Federal Practice & Procedure</u> (Wright & Miller) § 2726.1 (4th ed.). "Indeed, if the credibility of a critical *interested* witness is even partially undermined in a material way by the non-moving party's evidence, summary judgment in favor of the party with the burden of proof should be denied." <u>United States v. Real Prop. Located at 3234 Washington Ave. N., Minneapolis, Minn.</u>, 480 F.3d 841, 845 (8th Cir. 2007) (internal citation omitted) (emphasis in original). Granting summary judgment to defendants on plaintiff's excessive force or unlawful search claims would require making improper credibility judgments. The decision whether to believe Officer Shafer's version of events over plaintiff's—at least where, as here, there is no documentary evidence not generated by an interested party—is for a jury.[8]

Plaintiff's complaint sheds no light on the remainder of plaintiff's claims against Officer Shafer. Consequently, the magistrate judge did not err in accepting defendants' statement of material facts as uncontroverted and recommending summary judgment be granted on the basis of those facts. (Docket 103 at pp. 9-11, 13) (recommending summary judgment be granted to defendants on plaintiff's unlawful arrest and First, Fifth, Sixth, Eighth, Ninth &

---

[8]The court acknowledges defendants placed into the record Officer Shafer's report regarding his arrest of plaintiff. (Docket 82-1). The report does not record a search or any use of force. <u>Id.</u> But the report suffers from the same flaw as Officer Shafer's affidavit—it was generated by the officer himself. The report is insufficient to eliminate the genuine disputes of material fact created by plaintiff's complaint.

Fourteenth Amendment claims).   The court adopts the R&R in full and grants summary judgment to defendants on these claims.

### 2.   Municipal liability

The magistrate judge dismissed plaintiff's municipal liability claim against the City because plaintiff failed to identify any official policy causing the alleged constitutional violations.   (Docket 103 at pp. 13-15).   Plaintiff objects, arguing he did not have the opportunity to obtain discovery about the City's policing policies.   (Docket 106 at p. 6).   The court sustains plaintiff's objection.

As noted above, the magistrate judge properly stayed discovery to resolve defendants' qualified immunity defense.   See supra Section III.A.   But rejecting plaintiff's municipal liability claim before allowing plaintiff any discovery on the claim was error.   "As a general rule, summary judgment is proper only after the nonmovant has had adequate time for discovery."   Hamilton v. Bangs, McCullen, Butler, Foye & Simmons, L.L.P., 687 F.3d 1045, 1049 (8th Cir. 2012) (internal quotation omitted).   The magistrate judge's approach trapped plaintiff in a catch-22 by denying him the opportunity to discover facts which could support a municipal liability claim and then dismissing his claim for lack of factual support.

Plaintiff could have moved for discovery under Federal Rule of Civil Procedure 56(d).   That rule allows a nonmovant to "show[] by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition" to a summary judgment motion.   Fed. R. Civ. P. 56(d).   Upon the

19

requisite specific showing, the court can then grant additional discovery. Fed. R. Civ. P. 56(d)(2). "This option exists to prevent a party from being unfairly thrown out of court by a premature motion for summary judgment." <u>Hamilton</u>, 687 F.3d at 1050 (internal quotation omitted).

If plaintiff were proceeding with counsel, the court would likely find no error in the magistrate judge's failure to reopen discovery on the municipal liability claim because he could have moved for Rule 56(d) discovery. But because plaintiff is *pro se*, the court must liberally construe his filings and hold them "to less stringent standards than formal pleadings drafted by lawyers[.]" <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (internal quotations omitted). In a responsive brief to defendants' summary judgment motion, plaintiff argued he "ha[d] a right to take Statements interrogatories and look at training programs/classes[ ] by the supervising officer" and noted "discovery was never done[.]"[9] (Docket 90 at pp. 6, 8). The court construes the filing as a request for additional discovery cognizable under Rule 56(d).[10]

---

[9]The filing was styled as a "reply brief" but was actually a surreply filed without leave of court. The magistrate judge was not obligated to consider it, but it does indicate plaintiff raised his need for discovery to support the municipal liability claim.

[10]The magistrate judge also had the option to *sua sponte* give plaintiff "an opportunity to properly support or address" his municipal liability claim. Fed. R. Civ. P. 56(e)(1). That option would have been particularly appropriate given that defendants moved for summary judgment while discovery on the municipal liability claim was unavailable.

As a Rule 56(d) motion, plaintiff's filings are not strong. See Fed. R. Civ. P. 56(d) (requiring party to present "specified reasons" for additional discovery); Hamilton, 687 F.3d at 1050 (Rule 56(d) affidavit or declaration "must set forth specific facts further discovery might uncover[.]") (internal quotation omitted). Plaintiff merely asserts he would obtain training policies. (Docket 106 at p. 6). Defendants assert plaintiff could not prove his municipal liability claim, even if discovery were available. (Docket 84 at p. 19).

The court doubts Rapid City Police Department training materials instruct officers to use unconstitutional force or to participate in unlawful searches. But the court also cannot overlook the fact that plaintiff had no discovery on the municipal liability claim. The court cannot accept defendants' unsupported assertion that plaintiff could never prove a municipal liability claim. Granting summary judgment without allowing plaintiff any opportunity to produce a factual record would be premature. Plaintiff's objection is sustained and summary judgment on the municipal liability claim is denied.[11]

### 3. Factual matters

The magistrate judge noted plaintiff "claim[ed] evidence regarding vegetation on the trees, height of the van, and satellite imaging would prove Officer Shafer and the reporting party could not have seen Plaintiff conversing

---

[11]As the magistrate judge noted, plaintiff's claim against Officer Shafer in his official capacity is merely a claim against his governmental employer, the City. (Docket 103 at p. 15). The court will not separately analyze plaintiff's official capacity claim against Officer Shafer.

with the males in the van[.]"  (Docket 103 at p. 6).   Plaintiff objects,

characterizing this description as improper judicial fact finding.   (Docket 106 at

pp. 3, 7-9, 14).   The court overrules the objection.

The magistrate judge expressly declined to consider plaintiff's factual

responses to the summary judgment motion because they were unsupported by

record evidence.   (Docket 103 at pp. 4-5).   To the extent plaintiff is objecting to

the magistrate judge's refusal to adopt plaintiff's description of the arrest scene,

the objection is overruled.   Plaintiff did not support his claims regarding Officer

Shafer's or the reporting party's view of the arrest scene with record evidence.[12]

Plaintiff's only record evidence, his verified complaint, did not describe the arrest

scene at all.   The magistrate judge did not err by refusing to consider plaintiff's

description of the arrest scene.

### 4.    Ninth Amendment

The magistrate judge dismissed plaintiff's Ninth Amendment claim, citing

the accepted maxim that the Amendment "does not independently secure any

constitutional right."   (Docket 103 at p. 13) (internal quotation omitted).

Plaintiff repeatedly objects, arguing the Amendment "needs judicial attention[.]"

(Docket 106 at pp. 3-4, 11-12, 14-15).   The court overrules the objection.

The Ninth Amendment states: "The enumeration in the Constitution, of

certain rights, shall not be construed to deny or disparage others retained by the

---

[12]Plaintiff did file photographs of two vans apparently taken from a British
website.   (Docket 88-2).   These photographs prove nothing about the arrest
scene.

people." U.S. Const. amend. IX. "The Ninth Amendment is a rule of interpretation rather than a source of rights." <u>Froehlich v. State Dep't. of Corrs.</u>, 196 F.3d 800, 801 (7th Cir. 1999). Federal courts have unanimously, so far as the court can tell, rejected § 1983 claims premised on the Ninth Amendment. <u>See</u>, <u>e.g.</u>, <u>Strandberg v. City of Helena</u>, 791 F.2d 744, 748-49 (9th Cir. 1986); <u>Carter v. Rysh</u>, Case No. 17-CV-1061, 2018 WL 3802082 at *3-4 (D. Minn. July 13, 2018); <u>McLeod-Lopez v. Algarin</u>, 603 F. Supp. 2d 330, 338-39 (D.P.R. 2009); <u>Rynn v. Jaffe</u>, 457 F. Supp. 2d 22, 26 (D.D.C. 2006); <u>Bussey v. Phillips</u>, 419 F. Supp. 2d 569, 586 (S.D.N.Y. 2006); <u>Clynch v. Chapman</u>, 285 F. Supp. 2d 213, 218-19 (D. Conn. 2003). The court agrees with this overwhelming authority. Section 1983 claims must be "based on a specific constitutional guarantee" and the Ninth Amendment protects no independent right. <u>Strandberg</u>, 791 F.2d at 748.

The magistrate judge did not err by refusing to discuss plaintiff's Ninth Amendment claims in more detail. The objection is overruled.

### 5. **Warrant validity**

The magistrate judge found Officer Shafer was entitled to qualified immunity against plaintiff's unlawful arrest claim because he arrested plaintiff on a valid warrant. (Docket 103 at pp. 9-11). Plaintiff objects and appears to argue the warrant was invalid. (Docket 106 at pp. 8-10, 13) (citing <u>Franks v. Delaware</u>, 438 U.S. 154 (1978)). The court overrules the objection.

Defendants had no role in issuing the arrest warrant. (Docket 85 at ¶ 14). Absent facts not shown by plaintiff—for example, that Officer Shafer was aware of the warrant's alleged invalidity before the arrest or that the warrant was facially invalid—defendants cannot be held liable for issuing an improper warrant. "An arrest executed pursuant to a facially valid warrant generally does not give rise to a cause of action under 42 U.S.C. § 1983 against the arresting officer." Fair v. Fulbright, 844 F.2d 567, 569 (8th Cir. 1988). Because Officer Shafer simply obeyed a facially valid judicial command to arrest plaintiff, he is entitled to qualified immunity from plaintiff's claims based on the warrant's validity. Accordingly, whether the warrant was actually valid is immaterial.[13]

Plaintiff's objection to the magistrate judge's recommended disposition of his unlawful arrest claim is overruled. The R&R is adopted on this point and summary judgment on the unlawful arrest claim is granted to defendants.

### C. Second pretrial motions order

After issuing her R&R on defendants' summary judgment motion, the magistrate judge resolved four additional pretrial motions filed by plaintiff. (Docket 104). She concluded the motions were mooted by her recommendation that summary judgment be granted to defendants. Id. Because the court denies summary judgment in part, see supra Section III.B, it will evaluate the

---

[13]The court alternatively finds plaintiff showed no cause to doubt the warrant's validity. Plaintiff argues one of his convictions stemming from the charges underlying the warrant was later vacated, but that does not show the warrant was invalid when plaintiff was arrested.

four motions.   The court denies each motion and affirms the magistrate judge's order as modified below.

Plaintiff first moved for notice and an opportunity to be heard if the court decides to take judicial notice of a fact under Federal Rule of Evidence 201.[14] (Docket 79).   The court has not taken judicial notice of any facts and does not intend to at this time.   The motion is denied.

Plaintiff next moved for a settlement conference with a magistrate judge. (Docket 87).   He cites the court's discovery order, which states "[w]hen appropriate, the parties shall promptly contact a magistrate judge so that the possibility of settlement discussion with the assistance of a magistrate judge can be pursued."   (Docket 56 at p. 4).   This standard provision of the court's discovery order invites the parties to consider mediation with a magistrate judge "[w]hen appropriate"—that is, when settlement is a possibility desired by both parties.   Defendants did not respond to plaintiff's motion.   The court construes from their silence an unwillingness to entertain settlement negotiations at this time.   The court cannot force defendants to negotiate a settlement.   The motion is denied.

---

[14]Plaintiff earlier filed a brief asking the court to take judicial notice of "facts" related to his theory that defense counsel improperly communicated *ex parte* with the court.   <u>See</u> <u>supra</u> Section III.A; <u>see</u> <u>also</u> Docket 75.   The magistrate judge did not address this brief, presumably because plaintiff did not file it as a motion.   To the extent it may be construed as a motion, the court denies it.   Plaintiff asks the court to take judicial notice of conspiracy theories, not facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."   Fed. R. Evid. 201(b)(2).

Plaintiff next moved for "Corpus Juris Civilis." (Docket 92). The body of the motion does not make any request of the court. The motion is denied.

Finally, plaintiff filed a motion *in limine*. (Docket 93). The court cannot discern from the motion what item of evidence plaintiff asks to exclude. The motion is denied.

### D. Remaining motions

Plaintiff filed three additional motions after the magistrate judge issued her summary judgment R&R. The court denies each motion.

First, plaintiff filed a "Motion for Clarification and Expedited." (Docket 105). The motion partially repeats rejected objections to the summary judgment R&R. In a request for clarification, the motion also asks the court to "specifically state the reason why the 9th Amendment doesn't apply if it's part of the Bill of Rights and when was Exclusive Jurisdiction granted?" Id. at p. 4. The court explained above why the Ninth Amendment does not apply to plaintiff's § 1983 claims.[15] See supra Section III.B.4. Finally, plaintiff states it took six days for him to receive the magistrate judge's September 25 orders. (Docket 105 at p. 4). He asks that future deliveries be expedited. The court sends its orders to plaintiff, as with all *pro se* litigants, by standard mail. If plaintiff requires extensions of time to respond to orders, he may so move. The motion is denied.

_____

[15]Plaintiff does not explain what he means by "Exclusive Jurisdiction," so the court cannot respond to that portion of the request for clarification.

Next, plaintiff moves to strike defendants' response to his objections to the summary judgment R&R and the accompanying affidavit under Federal Rule of Civil Procedure 12(f). (Docket 109). As grounds for the motion, he states defendants "continue to take advantage of Mr. Walker a pro-se litigant to slander & pursue liable defamation of character to the court." Id. Plaintiff also notes he filed the order vacating one of his convictions. Id. The court infers plaintiff objects to defendants' filing court documents related to his 2015 convictions. (Dockets 108-2 – 108-4).

Rule 12(f) permits the court to strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motion papers are not "pleadings" as defined by Rule 7(a). Fed. R. Civ. P. 7(a). The modern trend in federal district courts is to deny Rule 12(f) motions to strike when the targeted document is not a pleading. Federal Practice & Procedure (Wright & Miller) § 1380 n.8.50 (4th ed.) (collecting cases). "Striking a party's pleading . . . is an extreme and disfavored measure." BJC Health Sys. v. Columbia Cas. Co., 478 F.3d 908, 917 (8th Cir. 2007).

The court denies plaintiff's motion to strike defendants' response to his summary judgment objections and the accompanying affidavit because neither is a pleading as defined by Rule 7(a). Alternatively, the court denies the motion because the documents are not "redundant, immaterial, impertinent, or scandalous[.]" Fed. R. Civ. P. 12(f). The documents from plaintiff's 2015

convictions are relevant because they relate to the warrant for which plaintiff was arrested.

Finally, plaintiff moves for a hearing regarding his objections to the summary judgment R&R and "inadmissible evidence[.]" (Docket 111). The court finds the facts that are in dispute cannot be resolved by a hearing before the court; should the facts remain in dispute after appropriate discovery is completed, a trial will be necessary to resolve any dispute. See infra Section IV. The motion is denied.

## IV. Discovery Order & Future Summary Judgment Motion

As described above, see supra Section III.B.1, plaintiff's verified complaint creates sufficient disputes of genuine material fact to foreclose summary judgment on the unlawful search and excessive force claims. No discovery at all has been exchanged regarding the municipal liability claim. See supra Section III.B.2. The factual record at this point is exceedingly thin. It appears that Officer Shafer and plaintiff, the primary witnesses to the arrest, have not been deposed. Other evidence may exist as well. The court finds lifting the magistrate judge's stay of discovery is necessary.

However, the court is cognizant of the failed attempt at discovery that preceded the magistrate judge's protective order. Plaintiff did not make the initial disclosures required by Rule 26(a)(1). (Docket 83 at ¶ 3). Plaintiff attempted to discover a wide range of irrelevant and potentially privileged

documents.  (Dockets 63-1, 64 & 65).  The court therefore makes the following

provisions for the limited discovery it will permit the parties to undertake:

1. Plaintiff must make the initial discovery disclosures required by Rule 26(a)(1) by **March 16, 2020**.

2. The parties may **only** discover facts related to plaintiff's unlawful search, excessive force, and municipal liability claims.

3. A maximum of 25 interrogatories, including all subparts, shall be allowed.  Interrogatory responses shall be due 30 days after service.  A maximum of 10 depositions for each party shall be allowed, excluding expert depositions.

4. All discovery shall be completed by **August 31, 2020**.

5. All motions, other than motions *in limine*, along with supporting briefs, shall be filed and served by **September 30, 2020**.  Response briefs shall be filed and served within 21 days.  Reply briefs may be filed and served within 14 days of the response briefs.

The parties may move the court to amend this discovery order upon a showing of

good cause.  Plaintiff is warned that failure to abide by these restrictions may

result in sanctions, including dismissal of the case.  See Fed. R. Civ. P.

37(b)(2)(A)(v) (allowing the court to dismiss an action as sanction for discovery

violation).  Plaintiff is particularly warned he has no claim against defense

counsel and any attempt to discover facts related to defense counsel, as opposed

to defendants, is a violation of this discovery order.[16]

---

[16]The deadline for a motion to join additional parties passed on April 30, 2018, and the court does not extend it at this time.  (Docket 56 at p. 2).  If any party wishes to join additional parties at this late stage of the litigation, they will have to show exceedingly good cause.

The court recognizes its disposition of the present summary judgment motion will expose defendants—who may well be immune from suit—to additional burdens of litigation.   However, the court expects discovery may uncover facts relevant to defendants' qualified immunity defense.   The court will entertain future motions for summary judgment, properly supported by additional record facts, as to the remaining claims.   While the court cannot find at this time that defendants are immune from plaintiff's remaining claims, the court does not hold that qualified immunity is unavailable.

Finally, the court notes plaintiff repeatedly stated in filings "[t]his issue at hand is not whether to keep this case for t[rial], because that issue has already been litigated and has already been ruled on[.]"   See, e.g., Docket 90 at p. 4. That is incorrect.   This case is not set for trial and the court expresses no opinion as to whether a trial will occur.   A future summary judgment motion may result in the dismissal of this case.

## ORDER

For the reasons given above, it is

ORDERED that plaintiff's objections to the report and recommendation (Docket 106) are sustained in part and overruled in part.

IT IS FURTHER ORDERED that the report and recommendation (Docket 103) is adopted in part and rejected in part.

IT IS FURTHER ORDERED that defendants' motion for summary judgment (Docket 80) is granted in part and denied in part.

IT IS FURTHER ORDERED that plaintiff's objections to the magistrate judge's order of March 26, 2019 (Docket 96) are overruled.

IT IS FURTHER ORDERED that plaintiff's motion for reconsideration (Docket 97) is denied.

IT IS FURTHER ORDERED that the magistrate judge's order of March 26, 2019, (Docket 95) is affirmed in full.

IT IS FURTHER ORDERED that the magistrate judge's order of September 25, 2019, (Docket 104) is affirmed as modified by this order.

IT IS FURTHER ORDERED that plaintiff's motion for clarification (Docket 105) is denied.

IT IS FURTHER ORDERED that plaintiff's motion to strike (Docket 109) is denied.

IT IS FURTHER ORDERED that plaintiff's motion for hearing (Docket 111) is denied.

IT IS FURTHER ORDERED that discovery is reopened with the restrictions described in this order.

Dated March 2, 2020.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE