UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| CLAYTON WALKER,<br><br>              Plaintiff,<br><br>vs.<br><br>CORY SHAFER, in his individual and official capacity; and CITY OF RAPID CITY,<br><br>              Defendants. | CIV. 16-5121-JLV<br><br>ORDER |

      This civil rights action concerns alleged constitutional violations during a July 9, 2015, arrest of plaintiff, who is proceeding *pro se.* (Docket 1). Now pending before the court are four motions in which plaintiff requests a deadline extension, a court appointed investigator, a legal assistant and a PACER account. (Dockets 122-125). The court denies each motion.

      Plaintiff first asks to extend his deadline to make his required initial disclosures. (Docket 122). The court set this deadline as May 22. (Docket 121 at p. 3). The court warned plaintiff any motion for an extension "must state in detail the good cause supporting the extension." Id. at p. 4 (emphasis added). Plaintiff's motion states he has no PACER account, that the library and copy offices are closed, that people are being told to stay home, and that opposing counsel has legal assistants. (Docket 122).

      Plaintiff did not show good cause for an extension. He does not need a PACER account to make initial disclosures to opposing counsel. Initial

disclosures, like all discovery materials, are not filed with the court. D.S.D. Civ. LR 26.1. Although the Rapid City Public Library is indeed closed, remote printing services are available.[1] Copy services are available at the UPS Store, which remains open.[2] Defendants' access to professional legal services does not justify an extension. The court does not believe plaintiff's initial disclosures will be voluminous or otherwise onerous to disclose and plaintiff has made no showing otherwise.

Plaintiff next requests a court appointed investigator and legal assistant. (Dockets 123 & 124). He asserts he needs an investigator to "research case laws, stop & frisk laws of South Dakota, [and] stop & frisk laws of other states." (Docket 123). Plaintiff cites Griffin v. Illinois, 351 U.S. 12 (1956), in support of his request. Id. As for his request for a legal assistant, plaintiff simply states an assistant is necessary "to receive a fair hearing/trial[.]" (Docket 124).

Plaintiff has no right to appointed counsel (or other appointed professional assistance) because this is a civil case. Ward v. Smith, 721 F.3d 940, 942 (8th Cir. 2013). Nor has he shown good cause for appointed assistance. Neither the facts nor the law governing plaintiff's claims are inordinately complex and plaintiff has shown himself capable of litigating his claims thus far. Id. (listing

---

[1] City of Rapid City, Library From Home, available at https://www.rcgov.org/departments/library/digital-library/library-from-home-7826.html (last accessed May 6, 2020).

[2] The UPS Store, Haines Ave, available at https://locations.theupsstore.com/sd/rapid-city/1430-haines-ave (last accessed May 6, 2020).

factors for consideration in appointing counsel).  Plaintiff's citation to Griffin is inapposite.  Griffin concerned the right of an indigent criminal defendant to appeal his or her conviction without purchasing a trial transcript.  351 U.S. at 16-20.  It does not govern this civil case.

Finally, plaintiff requests a PACER account.  (Docket 125).  He states he "is finding it Difficult to access the Docket during this pandemic of COVID-19[.]" Id.  Plaintiff can register for a PACER account online without court permission.[3]  As a *pro se* litigant, plaintiff also receives free copies of each of the court's orders and is served a copy of every defense filing.  To the extent plaintiff may need a copy of the docket—which is not free to access through PACER—the court will order the Clerk of Court to send him a copy of the docket sheet.

Although plaintiff did not explicitly so state, the court infers he may be asking for permission to electronically file documents.  The court's local rules require *pro se* parties to file documents by "delivering the original" to the Clerk of Court.  D.S.D. Civ. LR 5.1(B)(2)(b).  The court sees no reason why plaintiff cannot continue to mail his filings to the Clerk.  Given plaintiff's prior abuses of this court's process, the court is unwilling to allow him electronic filing privileges.  See Docket 113 at p. 17 (describing plaintiff's "long history of frivolous and vexatious federal litigation.").

For the above reasons, it is

---

[3]Given that plaintiff moved for a waiver of PACER fees early in this litigation, the court presumes he may already have an account.  (Dockets 44 & 46).  Plaintiff does not now renew his request for a fee waiver.

ORDERED that plaintiff's motion for a modified schedule (Docket 122), for a court appointed investigator (Docket 123), for a court appointed legal assistant (Docket 124) and for a PACER account (Docket 125) are all denied.

IT IS FURTHER ORDERED that the Clerk of Court shall send a copy of the docket sheet to plaintiff.

Dated May 7, 2020.

                BY THE COURT:

                /s/ *Jeffrey L. Viken*
                JEFFREY L. VIKEN
                UNITED STATES DISTRICT JUDGE